IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBERT ALAN HARNESS, #92875 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv102 |
| LONGVIEW POLICE DEPARTMENT, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert Alan Harness, proceeding *pro se* and *in forma pauperis*, filed the above-styled and number civil rights lawsuit. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual History

In his amended complaint, Plaintiff sued the City of Longview, Officer A. Atkinson, and Officer J. Hampton. (Dkt. #7). He asserted that on August 15, 2019, he and his wife, Terri Douglas, were driving when they were pulled over by Officer Atkinson. Plaintiff's wife was the driver of the car and Plaintiff was a passenger in the car.

Officer Atkinson told Ms. Douglas that he was pulling her over because she failed to stop at the stop sign. Ms. Douglas told the officer that she had stopped at the stop sign. There appears to have been a dispute whether Ms. Douglas stopped behind the white line and whether the white line at the stop sign existed.

Officer Hampton approached the passenger's side of the car where Plaintiff was sitting. Using a flashlight, Officer Hampton shined the light on Plaintiff and noticed a small, plastic box

1

in Plaintiff's lap. Plaintiff states that Officer Hampton immediately opened the passenger door and began physically attempting to remove Plaintiff from the car. The officers detained Plaintiff after a brief struggle. Plaintiff states no one was hurt during the struggle. Plaintiff was detained and placed in the patrol car.

While in the backseat of the patrol car, Plaintiff experienced trouble breathing and an erratic heart rate. Plaintiff was yelling for help when an unknown officer opened the back door of the patrol car and sprayed a chemical weapon in Plaintiff's face. After a short time, Plaintiff was taken to the Regional Hospital to be examined. After the examination, Plaintiff was released to the care of the Longview Police Department and booked into the Gregg County Jail on August 15, 2019.[1] Plaintiff is seeking $5 million dollars for pain and suffering, wrongful detention, mental anguish, loss of wages, and a release of all charges against him.

## Procedural History

On March 12, 2021, the Court ordered Plaintiff to replead his claims. (Dkt. #5). Plaintiff was specifically asked to state whether criminal charges were pending against him as a result of the traffic stop. On March 19, 2021, Plaintiff filed his amended complaint. (Dkt. #7).

In his amended complaint, Plaintiff stated that he was arrested and detained but did not state whether there are pending criminal charges against him. The Gregg County Criminal Case Records website reflects that there were two criminal charges pending against Plaintiff—(1) aggravated assault against a public servant in Case No. 49403-B in the 124th District Court of

---

[1] Plaintiff does not allege any physical harm from the brief struggle with the officers or the being sprayed with a chemical agent in the back seat of the patrol car. Plaintiff does not allege that he has suffered any physical injury from his interaction with the police on August 15, 2019. Title 42 U.S.C. § 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury.

Gregg County, Texas, and (2) possession of a controlled substance, greater than 1 gram but less than 4 grams in Case No. 49405-B in the 124th District Court of Gregg County, Texas. http://beta.co.gregg.tx.us/OdysseyPA /Search.aspx?ID=300, last visited March 22, 2021. Because of the pending criminal charges, the Court administratively closed Plaintiff's case on March 22, 2021, until such time that his criminal charges had been resolved. (Dkt. #9).

On March 1, 2022, Plaintiff moved to reopen this civil rights case asserting his criminal matters had been resolved. (Dkt. #13). The case was reopened and returned to the active docket. (Dkt. #14). Upon further review of Plaintiff's resolved criminal matters through the Gregg County Criminal Records website,[2] each of Plaintiff's underlying criminal cases had been resolved through a plea agreement.

On March 31, 2022, the Court ordered Plaintiff to file a response explaining whether the plea agreement was a favorable termination for the purposes of *Heck v. Humphrey*, 512 U.S. 477 (1994). If not, Plaintiff was instructed to inform the Court if there was some legal theory that permitted him to proceed with his civil rights lawsuit. (Dkt. #15). The Order directed Plaintiff to file a response within 45 days of the receipt of the Order.

Plaintiff filed his response on April 11, 2022. (Dkt. #19). Plaintiff admits that he did enter into a plea agreement on both charges. He further states that the peace officers were fired and that the evidence of the stop, namely the videos from the dash cams and the body cams, are missing. He asserts that he is seeking help in overturning the criminal charges. (Dkt. #19-1).

---

[2] http://beta.co.gregg.tx.us/OdysseyPA/CaseDetail.aspx?CaseID=1609812 and
http://beta.co.gregg.tx.us/OdysseyPA/CaseDetail.aspx?CaseID=1609813, last visited, March 25, 2022.

As Gregg County is located in the Eastern District of Texas, Tyler Division, the Court reviewed its past records for any federal petitions for writ of habeas corpus filed by Plaintiff regarding his convictions for aggravated assault of a peace officer. The Court's past records do not reveal any successful challenge to this conviction. There is no evidence that Plaintiff's conviction has been reversed, expunged, invalidated, or otherwise called into question.

## Discussion and Analysis

Plaintiff pleaded guilty to the criminal charges through a plea bargain and the criminal charges have not been overturned. The Supreme Court has held that a plaintiff who seeks to recover damages in a civil suit for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Supreme Court provided the following explanation:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.

*Id.* at 486. The Supreme Court thus held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. The present lawsuit is barred by *Heck*. In the present case, Plaintiff has not shown that his criminal conviction had been reversed, expunged, invalidated, or otherwise called into question by a judicial or administrative body.

With respect to Plaintiff's claims against the parties in this suit, the Fifth Circuit has also held that claims otherwise barred by *Heck* should read as follows: "Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). The Fifth Circuit referred to this language as the "preferred" language. *Id.*

Recommendation

It is accordingly recommended that Plaintiff's civil rights lawsuit be dismissed with prejudice to its being asserted again until the *Heck* conditions are met.

Within fourteen (14) days after receipt of the report, any party may serve and file written objections to the findings and recommendations of the Magistrate Judge.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 19th day of April, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE